**WING HOP LEE, LTD., Plaintiff**

**v.**

**KI BYUNG SOO, KI BYUNG INN, TUUGA TINOISAMOA, and SAMOA SHARKSFIN TRADING CO., Defendants**

High Court of American Samoa
Trial Division

CA No. 101-95

June 27, 1996

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Afoa L. Su`esu`e Lutu
 For Defendants, Aumoeualogo Salanoa Soli

Order Granting In Part and Denying In Part Motion for Summary Judgment:

## INTRODUCTION

Plaintiff Wing Hop Lee, Ltd. brought this action against the defendants to recover upwards of $300,000 which it claims was advanced to the defendants for business purposes, but which was neither used nor returned. Through a consent judgment, defendant Ki Byung Soo ("Ki") was judged liable to the plaintiff in the amount of $325,151.35. Also through a consent judgment, defendant Ki Byung Inn was dismissed from the case. This leaves only Tuuga Tinoisamoa, Ki's wife, and defendant Samoa Sharksfin

Trading Co. ("Samoa Sharksfin"). The Plaintiff has moved for summary judgment against these parties.

## STANDARD FOR SUMMARY JUDGMENT

Under T.C.R.C.P. 56, a party will receive summary judgment when there are no issues of material fact, and the party is otherwise entitled to judgment as a matter of law. The moving party bears the burden of establishing a *prima facie* case showing that no material facts are at issue. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has established its *prima facie* case, the burden shifts to the adverse party to produce, by affidavit or otherwise, evidence showing that material facts are in issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> [A]n adverse party may not rest upon the mere allegations or denials of [her] pleading, but [her] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If [she] does not so respond, summary judgment, if appropriate, shall be rendered against [her].

T.C.R.C.P. 56(e). A court can grant summary judgment with regard to some issues but not others, including granting summary judgment on the question of liability but not damages. T.C.R.C.P. 56(c)-(d).

## DISCUSSION

Samoa Sharksfin was apparently established around 1979 for the purpose of purchasing sharks' fins from local fishermen for companies in Asia. The business was licensed as a sole proprietorship in the name of Tuuga, shortly after her marriage to Ki. The business is not a corporation. Tuuga and Ki disagree as to who primarily ran the business. They agree that they both ran it in the early years, but Tuuga claims that Ki ran it alone in the latter years, while Ki claims exactly the opposite.

Although it is unclear how many clients Samoa Sharksfin had, its primary client was the plaintiff. Samoa Sharksfin was to buy shark's fins with money advanced by the plaintiff and then ship them to the latter in Hong Kong. The plaintiff claims that between August 1994 and February 1995, it advanced a sum of $325,151.35 to Samoa Sharksfin for the purchase of fins. It further claims that no fins were shipped to it from these advances, nor

77

was the money returned. Samoa Sharksfin is now apparently insolvent.[1]

In order to prevail on a motion for summary judgment, the moving party must present sufficient evidence to show that no material facts are in issue. *See D. Gokal Co. v. Daily Shoppers, Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989). The only evidence the plaintiff has produced, other than the admissions in Tuuga's answer, is Tuuga's deposition, which the parties stipulated would be part of the record for the purposes of this motion. Despite its lengthy transcript, this deposition tells us next to nothing, and does very little toward the plaintiff's cause of establishing an absence of disputed facts.

■ As near as we can tell, the only material fact not in dispute, based upon the evidence, is that Samoa Sharksfin was owned by Tuuga as a sole proprietorship.[2] As the owner of Samoan Sharksfin, which is not a corporation, Tuuga is liable for its debts, including debts that were incurred because moneys were advanced on an unfulfilled contract and were never returned. *Cf.* A.S.C.A. § 30.0114(6) ("private property of stockholders is to be exempt from corporate debts"); 18 AM. JUR. 2D *Corporations* § 5 (1985); *Ramirez v. United States*, 514 F. Supp. 759 (D.P.R. 1981). Tuuga claims that she did not know about the transactions because her husband Ki ran the business. This is irrelevant. Tuuga also claims that Samoa Sharksfin was a "family business," as if this is a legal doctrine that will protect her from liability. It is also irrelevant.

■ Tuuga owned Samoa Sharksfin. Ki was either an employee of the business, or at most, a partner with Tuuga.[3] However, while Ki's status as

---

[1] It does not appear that Samoa Sharksfin underwent any formal bankruptcy proceeding. No affirmative dissolution of the business took place. *See* Dep. of Tuuga Tinoisamoa at 23.

[2] Plaintiff admitted this in her answer and confirmed it in her deposition. There apparently now exists a corporation by the same name of Samoa Sharksfin, which has some relationship to the defendants, their present attorney, and possibly also the Plaintiff. The business of this corporation and its relation to the parties is unclear. Its relationship to the sole proprietorship is also unclear. We make no determination with regard to this corporation, which is not a party to this case.

[3] However, under the strict requirements for showing a partnership between family members, it is unlikely that Tuuga could have proven Ki

an employee or partner may have made a difference as to his liability, it matters not one whit regarding Tuuga's liability. If Ki was an employee, Tuuga, as sole owner, is solely responsible for Samoa Sharksfin's debts. If Ki were a partner, then Tuuga is jointly and severally liable for Samoa Sharksfin's debts. *Henderson v. Wadsworth*, 115 U.S. 264 (1885); 59A AM. JUR. 2D *Partnership* §§ 638-639 (1987). In either case, she is liable to the plaintiff for the entire debt.[4] 3 C.J.S. *Agency* §§ 406-408 (stating that a principal is bound by contracts made by its agents in its name); 59A AM. JUR. 2D *Partnership* § 639 (stating that each partner is jointly and severally liable for the debts of the partnership).

■ All of the parties apparently agree that the business license was issued in Tuuga's name, rather than Ki's, to avoid the more restrictive licensing requirements placed on nonresidents. *See* A.S.C.A. § 27.0207. Tuuga further claims that Ki was the one responsible for the business and that she had almost nothing to do with it. We fail to see the relevancy of this. A Samoan resident does not escape liability for the debts of his/her/their business by claiming that he/she/they was/were merely "fronting" for another person. Even if this practice is widespread, that does not change the laws of liability. Residents considering "fronting" a business should seriously consider the liability to which they may be exposing themselves before doing so. We conclude that the plaintiff is entitled to summary judgment on the question of Tuuga's liability. She is personally liable to the extent that the plaintiff can prove the business was liable as a sole proprietorship.

The plaintiff, however, has not presented evidence on any other issue. Notably, it has failed to present any evidence on the issue of Samoa Sharksfin's liability or the extent of damages. Judging by the Defendants' Motion in Opposition to Summary Judgment, establishing the extent of liability probably would have been simpler than establishing the liability itself. But the plaintiff has left us wanting, and we must save that determination for a later day.[5]

---

was a partner in the business. *See* 59A Am. Jur. 2d *Partnership*, § 207 at 349 (1987).

[4] The apportionment of liability between Tuuga and Ki is not at issue in this motion.

[5] The consent judgment with regard to Ki does nothing as far as determining the liability for Samoa Sharksfin or Tuuga. No dollar amount

## CONCLUSION

The plaintiff's Motion for Summary Judgment is granted on the sole issue of Tuuga's liability with regard to the debts of Samoa Sharksfin while it was a sole proprietorship. The plaintiff's Motion for Summary Judgment is denied on all other issues.

It is so ordered.

is even mentioned in Tuuga's deposition.